[Decided January 17, 1888.]

## HIRAM THOMAS *v.* R. D. HILTON.

INSOLVENCY PROCEEDINGS—JURY—CONSTITUTIONAL LAW—SECTION 2033 OF CODE.—The provision in section 2033 of the Code, that the "jury" therein provided may consist of six men, is unconstitutional. Such a jury must consist of twelve men, and a verdict rendered by a jury composed of a less number of men than twelve is void.

APPEAL from District Court holding terms at Snohomish. Third District.

Proceedings in insolvency.

After the petitioner had prayed for his discharge, Hilton,

one of the creditors, opposed the same on the ground of
fraud, and filed his specification and opposition as required
by section 2033 of the Code, which was answered by a plea
of not guilty.    Thereupon, a jury of six men was impaneled
to try the issue, and after hearing the evidence of the con-
testing creditor and his witnesses, were instructed by the
court, on motion of the attorneys of said insolvent, to render
a verdict of not guilty in favor of said insolvent, which was
accordingly done.    Thereupon the insolvent moved for his
discharge, and afterwards on the hearing of this motion,
which was contested by the creditor, the court found that
the petitioner had not complied with the statute relating to
the publication of notice to creditors, and the court, not-
withstanding the verdict of the jury, declared itself not sat-
isfied that the charge of fraud preferred by the creditor was
unfounded, and thereupon the court denied the petition for
a discharge, and dissolved the order staying proceedings
against the insolvent, and rendered judgment in favor of the
creditor for his costs, from which orders and judgment the
insolvent appealed to this court.    Other exceptions were
preserved in the record, but were not passed upon by the
court.

*Messrs. Ronald & Piles,* for the Appellant.

Counsel argued that under the insolvency act of this ter-
ritory, a jury was required to be summoned for the purpose
of deciding the question of fraud, and that the law meant
that the verdict of the jury should be final and conclusive,
unless set aside or reversed upon appeal. That when a party
charged another with fraud, the onus was upon the party
alleging fraud.    (*Thornton* v. *Hook,* 36 Cal. 223; *Foster* v.
*Hall,* 12 Pick. 89, 22 Am. Dec. 400; *Blaisdell* v. *Cowell,* 14
Me. 370; *Sutton* v. *Lackmann,* 39 Mo. 91; *Elliott* v. *Stoddard,*
98 Mass. 145.)    That fraud was never presumed, but when-
ever alleged for the purpose of depriving another of a right,
it must be clearly proven.    (*McCarthy* v. *White,* 21 Cal. 495,
82 Am. Dec. 754; *Gregg* v. *Sayre,* 8 Peters, 244; *Miller* v.
*Stewart,* 24 Cal. 503.)

*Messrs. Greene, McNaught, Hanford & McGraw,* for the
Appellee.

The law-makers of this territory intended that the District Court should exercise exclusively chancery powers in
insolvency proceedings, and the auxiliary tribunal provided
in section 2033 of the Code was intended as simply and
purely advisory to the judge as chancellor. If it were
intended by the legislature that the question of fraud should
be submitted to a jury for final determination, a common law
jury would have been provided, which consists of twelve
men. The word "jury" has among English-speaking people
a well defined meaning. The number must be twelve, and
it is held that the term "jury" in a constitution imports *ex
vi termini* twelve men. (*Turns* v. *Comm.*, 6 Metcalf, 231;
*Lamb* v. *Lane*, 4 Ohio St. 177; *Cruger* v. *R. R. Co.*, 12 N. Y.
190; *Norval* v. *Rice*, 2 Wis. 17; *Wynehamer* v. *People*, 13 N. Y.
427.) No provision is made by the insolvency act for a
trial by jury of questions which properly fall within the
jurisdiction of common law courts, and involving sums of
twenty dollars or more. (Am. Art. VII., Constitution of the
U. S.; 21 Am. Law Review, 859; *Risser* v. *Hoyt*, 53 Mich.
185; *Ins. Co.* v. *Comstock*, 16 Wall. 258; *Rhines* v. *Clark*, 51
Pa. St. 96; *N. P. Coal Co.* v. *Snowden*, 42 Pa. St. 488; *In
re Ouimette*, 1 Sawy. 47.)

Mr. Justice ALLYN delivered the opinion of the court.

Plaintiff in error filed his petition as an insolvent debtor
under chapter 143 of the Code, in the District Court of
Snohomish county. Notice was given, and the defendant in
error, as a creditor, appeared and filed his specifications in
opposition to the debtor's discharge, on the ground of fraud.

The court, on motion of plaintiff in error, under section
2033, summoned a jury of six men to decide the charge of
fraud as affecting the debtor's discharge. Under the direction of the court, and on motion of plaintiff in error, the
jury returned a verdict that he was not guilty of fraud.

Several minor questions are made to the sufficiency of the

notice, effect of an appearance, etc., but these are in no-wise controlling and will not be considered.

The important and decisive question is, could the court disregard (as it did) the verdict this jury returned and refuse to be controlled by it? It is argued that this verdict under section 2033 is final and conclusive until set aside or reversed.

And, on the other hand, that it is merely special or advisory, and in no way precludes the court from making a different finding, if the facts should demand it. Further, that large property rights being involved, the question could not be submitted to, or determined by, a jury of six men.

We entirely agree with the principle asserted, that a jury, in such a case, must be composed of twelve men, and that a verdict rendered by six men, or any less number than twelve, is of no effect whatever (*Lamb* v. *Lane*, 4 Ohio St. 167; *Cruger* v. *Hudson R. R. Co.*, 12 N. Y. 190, and other citations made by defendant in error); and for the reason that section 2033 provides for submission of this question to a jury of less than twelve, the same is unconstitutional.

It follows, therefore, that this verdict, *thus* rendered, was wholly void; that the court below very properly refused to consider it, and made a finding entirely independent of such verdict. The judgment below is affirmed.

Turner, J., concurred.

Mr. Justice Langford dissented, as follows:

I cannot agree with my brothers that the section of the statute referred to is void.

The statute for the trial of civil actions by the District Court requires twelve jurors. The constitution of the United States requires twelve jurors. Said section of the insolvency act says the trial should be by jury and not less than six. The section does not, in terms, provide that the trial shall be by six jurors. By construing the section to mean that the trial may be by six jurors unless twelve be demanded, the section may stand with the constitution.

When a statute is capable of two different constructions, one of which is consistent with the constitution and the other not, that consistent with the constitution should be adopted.

Construing the said section as meaning six jurors unless twelve are demanded, it is constitutional. I think that construction should be given it, in order that the will of the legislature as to jury trial and the constitution of the United States shall both stand together, and neither be defeated.

The construction adopted by my brothers defeats the jury trial intended by the legislature, when the other construction does not, and I think that the construction which carries out the constitutional will of the legislature should be adopted.